UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEATHERSBY A. LARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00278-MTS |
| | ) |
| CHESTER MOYER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff has filed a civil complaint, Doc. [1], and an application seeking leave to proceed in forma pauperis, Doc. [2]. The Court has reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and finds it is frivolous. The Court will therefore deny Plaintiff's application and dismiss this action, and deny as moot Plaintiff's motion to appoint counsel, Doc. [3].

**I. Background**

Plaintiff identifies himself as "Weathersby a laron (authorized Rep aniyunwiya Nation Central)." Doc. [1] at 2.[1] He identifies at least 54 defendants. For some, he includes titles such as "USCIS St. Louis Field Office Director," "Assistant Secretary Bureau of Consular Affairs," "Deputy Assistant Secretary for Visa Services," "Ambassador to United Nations," "Chairman on Environment," and "Ladue News Account Exec." *Id.* at 3-4. For others, he includes what appears to be a place of employment, such as "Department of Energy," "United States Trade Office," and "United States Environmental Protection Agency." *Id.*

Where the form complaint solicits information about the basis for federal question jurisdiction, Plaintiff lists numerous statutes. In his own words, Plaintiff alleges:

---

[1] In this Memorandum and Order, the Court quotes the complaint verbatim without noting or correcting errors.

> My findings of this/these complaints are based on very extensive research through our very own governments (choosing to use that term loosely) coupled with my and our very own genealogy, statutes and archives. At this point in the present I would like to address the Naturalization Act of 1790 and all the ramifications behind that including not even 30 years later, the Indian Civilization Act of 1819... and on and on... lndian Reorganization Act and such. ( Kinda see where I'm going with this ). The "presumed loss of status," because I personally never said even implied that I am a US citizen. ( Not in my right mind, anyway.)At this point I would like to apply Missouri Rule 38.08 As this lawsuit/complaint/summons is ideally, and majorly a rebut of presumption and status correction with a application number of 457666875 with the United States department of State national passport center which needs remedy by 11 6 2024 for the record coupled with the Biden Administration's "Keeping Families Together Parole in Place movement in which also needs to be remedied as I attempt to apply 42 usc section 5121 ,28 usc section 1361, and 18 usc section 242 as well at this poiint as well while I submit copy of affidavit of truth. I also make an attempt to make public documents as to allude to prima faciie of my journey as exhibits as my attachments would suggest:...and I would like to add at this point I would like to add USPS UFN: 287202-0234 to my ds 5507 form for any corrections of said document, such as finally adding wife and son to ds 5507 non citizen nationality along with communicating with SSA as well as got 2 BIA BTFA applications on file prior to 1/18/24 deadline at least 2 months prior and one possibly under 2 years before and probably another along with updating paperwork to Muskogean Confederacy Ojibwe Chatah Mayan Aniyunwiva tribes expediently in which at this point e verify as well as Federal Express card should reflect accordingly

*Id.* at 7-9.

Plaintiff does not explain, and it is not apparent, how any of his assertions relate to any cited authority or to any named defendant. After filing the complaint, Plaintiff filed two documents containing lists of names and similar assertions, Docs. [4-5], a document stating an intent to "add need SSA designee reset back to me as default and the Department of Revenue/Motor Vehicle be put on notice as well," Doc. [6], and lab testing results, Doc. [7]. It is unclear what relief Plaintiff seeks from the Court.

**II.  Legal Standard**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted.

2

*See* 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, this Court should construe the complaint in a way that permits his claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**III.  Discussion**

The Court has thoroughly reviewed the complaint and Plaintiff's additional filings, and cannot identify a viable claim for relief.  The complaint and additional filings do not contain facts that can be construed as stating a claim under any legal framework.  Instead, they consist mainly of unintelligible statements that have no connection to any defendant or cited authority.  Even pro se plaintiffs are required to set out their alleged claims and supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  Plaintiff has not done so.

The Court determines that the complaint is frivolous and fails to state a claim upon which relief may be granted and will dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  The Court finds there would be no non-frivolous basis to argue that the complaint stated a valid claim for relief and will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in forma pauperis, Doc. [2], is **DENIED,** and this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking the appointment of counsel, Doc. [3], is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE